The opinion of the Court was delivered by
Richardson, J.
There was some testimony to show, that the plaintiff was well warranted in the suspicion, that the defendant had left the State; and the defendant appears to have purposely created that suspicion, by setting forth in a newspaper, that he would shortly go abroad. But it was very clear that he had not gone, when the writ was lodged, and the attachment levied. So that the true question is, can a writ of foreign attachment be quashed, because, in fact, the defendant was within the State at the time when the writ was issued and served, upon that fact appearing at the first term after the service, notwithstanding there was great reason to suspect he had gone abroad; and that suspicion arising, too, from his own conduct.
*894.1 *The question is one of strict law. The remedy by attachment, -■ in this respect, is unknown to the common law, though it is found, in the customs of London ; and we must, therefore, look exclusively to the legislative provision made upon the subject. The Act of 1744, which introduced the writ of foreign attachment, enacts,[1] (1 Brev. Dig. 33, P. L. 187,) “that any person, &c., having occasion to commence any suit, &c., against a person residing or being without the limits of this Province, &c., may,” &e., (pointing out the mode of proceeding by attachment.) The Act[2] of 1159, P. L. 252, 1 Brev. Dig. 37, gives the same remedy against persons who conceal themselves so that process cannot be served upon them, “for the space of three months.” But concealment, for that space of time, is not charged in the case before us. We must then look to the former act; and here we find the words explicit, to wit: “ against any person residing or being without the limits of this Province.” The rule is established, that where a new remedy is introduced by statute, it must be strictly pursued ; and if certain causes are required as a condition precedent, unless these existed, the remedy does not follow. If this rule be disregarded, the distinctions and ex *567 ceptions would be endless and arbitrary. Here, too, the Act of 1759 makes one specific exception, i. e., against persons who conceal themselves for the space of three months; This particular exception shows further how literally the former act is to be construed, i. e., without any other exception. When we consider, too, that this writ may be taken out, at the will of any person, in any district, upon giving his own bond merely, (Act[1] of 1799, 2 Faust, 315, 1 Brev. Dig. 41,) it will be seen, that unless the act be strictly pursued, manifest inconvenience, and even great oppression might follow, without the possible punishment of a pretended but beggarly creditor, or probable recompense to the supposed debtor. But in cases of domestic attachment, as authorized by the [2]Act of 1785, P. L. 367, 1 Brev. Dig. 40, wherein, according to a late decision, Grisham v. Deale, ante, 130, this Court will *not receive r*g9g evidence to contradict the charge, that the debtor is going off pri- L vately, or removing his effects, that Act cautiously requires the writ to be issued by an officer, and only upon the oath of the creditor ; and after he has given bond, with good security, in double the amount of the debt claimed, to answer all damages to the defendant. This decision was predicated upon the expression of the Act of 1785, which directs the writ to be issued upon oath made, and bond given with security, which affords a provision, both for the punishment of a pretended creditor, and good security, to answer any damages which may arise to the defendant from illegal conduct.
Take the two remedies by foreign as well as domestic attachment, and they form an ample system, but clearly distinguishable from each other, and to be used under different circumstances. Perhaps it is to be regretted, that the same precautions by affidavit, bond, and security, are not required to be observed, in cases of foreign, as in those of domestic attachments, and the two modes of proceeding blended in 'one writ; but the law is otherwise. The motion is granted.
HugeR and Nott, JJ., concurred.

 3 Stat. 617.

 4 Stat. 92, 114.

 7 Stat. 204, § 7.

 7 Stat. 213, § 4.